Jeffery J. Carlson (SBN 60752)
carlsonj@cmtlaw.com
Martin Schannong (SBN 243297)
schannongm@cmtlaw.com
CARLSON & MESSER LLP
5959 W. Century Boulevard, Suite 1214
Los Angeles, California 90045
(310) 242-2200 Telephone
(310) 242-2222 Facsimile

Attorneys for Defendant
RESORT RECOVERY SOLUTIONS, LLC,
erroneously sued as RESORT RECOVERY SOLUTIONS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSIE VERDUN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RESORT RECOVERY SOLUTIONS, INC. and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 3:15-CV-01307-MMA-MDD<br><br>**ANSWER** |

Defendant RESORT RECOVERY SOLUTIONS, LLC, erroneously sued as RESORT RECOVERY SOLUTIONS, INC. ("Defendant") hereby answers the Complaint of Plaintiff JESSIE VERDUN ("Plaintiff") as set forth below.

## INTRODUCTION

1. Defendant admits that it has communicated, and/or attempted to communicate, with Plaintiff in an attempt to collect a debt. Defendant denies the remaining allegations of Paragraph 1 of Plaintiff's Complaint, which also lack foundation, are vague and ambiguous, and constitute legal conclusions.

2. Defendant denies that any such phone calls were placed, denies that the FDCPA was violated, and further denies any remaining allegations in Paragraph 2 of Plaintiff's Complaint.

3. Defendant currently lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 3 of Plaintiff's Complaint, which also constitute legal conclusions, and on that basis Defendant denies them for the present time.

4. Defendant denies that any such phone calls were placed, denies that the TCPA was violated, and further denies any remaining allegations in Paragraph 4 of Plaintiff's Complaint. Moreover, these allegations do not pertain to any cause of action asserted in Plaintiff's Complaint.

5. Defendant denies the allegations in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits that it is based in San Diego. Defendant denies that it engages in a pattern and practice of unlawful conduct. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 6 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time.

7. Paragraph 7 of Plaintiff's Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them. Moreover, the allegations in said paragraph constitute legal conclusions to which no response is required.

8. Paragraph 8 of Plaintiff's Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them. Moreover, the allegations in said paragraph constitute legal conclusions to which no response is required.

## PARTIES

9. Defendant lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 9 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time.

10. Defendant admits that it lawfully conducts business in the State of California. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 10 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions, and on that basis Defendant denies them for the present time.

11. Paragraph 11 of Plaintiff's Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them.

12. Paragraph 12 of Plaintiff's Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them.

## JURISDICTION

13. Defendant denies the allegations in Paragraph 13 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

14. Defendant admits that Plaintiff has brought an action for alleged violations of the FDCPA and Rosenthal Act. Defendant denies that any such violations occurred. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 14 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions, and on that basis Defendant denies them for the present time.

## VENUE

15. Defendant admits that it is based in San Diego and conducts business in California. Defendant denies the remaining allegations in Paragraph 15 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

## FACTUAL ALLEGATIONS

16. Defendant admits that Plaintiff owes a debt to Fiesta Americana Vacation Club. Defendant denies that Fiesta Americana Vacation Club sold the debt to Defendant.

17. Defendant currently lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 17 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time. Moreover, Defendant alleges that the alleged letter speaks for itself.

18. Defendant currently lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 18 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time. Moreover, Defendant alleges that the alleged letter speaks for itself.

19. Defendant currently lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 19 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time. Moreover, Defendant alleges that the alleged e-mail speaks for itself.

20. Defendant currently lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 20 of Plaintiff's Complaint, and on that basis Defendant denies them for the present time. Moreover, Defendant alleges that the alleged e-mail speaks for itself.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's Complaint, which also lack foundation and are vague and ambiguous.

22. Defendant denies the allegations in Paragraph 22 of Plaintiff's Complaint, which also lack foundation and are vague and ambiguous.

23. Defendant denies the allegations in Paragraph 23 of Plaintiff's Complaint, which also lack foundation and are vague and ambiguous.

/ / /

/ / /

## FIRST CAUSE OF ACTION

24. Defendant incorporates by reference its responses set forth in Paragraphs 1 through 23 above, and denies the allegations in Paragraph 24 of Plaintiff's Complaint.

25. Defendant currently lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 25 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions, and on that basis Defendant denies them for the present time.

26. Defendant currently lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 26 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions, and on that basis Defendant denies them for the present time.

27. Defendant currently lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 27 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions, and on that basis Defendant denies them for the present time.

28. Defendant currently lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 28 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions, and on that basis Defendant denies them for the present time.

29. Defendant denies the allegations in Paragraph 29 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

30. Defendant denies the allegations in Paragraph 30 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

31. Defendant denies the allegations in Paragraph 31 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

/ / /

/ / /

## SECOND CAUSE OF ACTION

32. Defendant incorporates by reference its responses set forth in Paragraphs 1 through 31 above, and denies the allegations in Paragraph 32 of Plaintiff's Complaint.

33. Defendant currently lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 33 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions, and on that basis Defendant denies them for the present time.

34. Defendant currently lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 34 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions, and on that basis Defendant denies them for the present time.

35. Defendant currently lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 35 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions, and on that basis Defendant denies them for the present time.

36. Defendant denies the allegations in Paragraph 36 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

37. Defendant denies the allegations in Paragraph 37 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

38. Defendant denies the allegations in Paragraph 38 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

39. Defendant denies the allegations in Paragraph 39 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

## THIRD CAUSE OF ACTION

40. Defendant incorporates by reference its responses set forth in Paragraphs 1 through 39 above, and denies the allegations in Paragraph 40 of Plaintiff's Complaint.

41. Defendant denies the allegations in Paragraph 41 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

42. Paragraph 42 of Plaintiff's Complaint contains no affirmative allegations against Defendant. To the extent said paragraph is deemed to contain any affirmative allegations against Defendant, Defendant denies them. Moreover, the allegations in said paragraph constitute legal conclusions to which no response is required.

43. Defendant denies the allegations in Paragraph 43 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

44. Defendant denies the allegations in Paragraph 44 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

45. Defendant denies the allegations in Paragraph 45 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

46. Defendant denies the allegations in Paragraph 46 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

## FOURTH CAUSE OF ACTION

47. Defendant incorporates by reference its responses set forth in Paragraphs 1 through 46 above, and denies the allegations in Paragraph 47 of Plaintiff's Complaint.

48. Defendant denies the allegations in Paragraph 48 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

49. Defendant denies the allegations in Paragraph 49 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

50. Defendant denies the allegations in Paragraph 50 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

51. Defendant denies the allegations in Paragraph 51 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

/ / /

52. Defendant denies that it engaged in any outrageous or unlawful conduct. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 52 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions, and on that basis Defendant denies them for the present time.

53. Defendant denies the allegations in Paragraph 53 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

54. Defendant denies the allegations in Paragraph 54 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

55. Defendant denies the allegations in Paragraph 55 of Plaintiff's Complaint, which also lack foundation and constitute legal conclusions.

**PLAINTIFF'S PRAYER FOR RELIEF**

56. Defendant denies that Plaintiff is entitled to the relief requested in Plaintiff's prayer.

**PLAINTIFF'S DEMAND FOR JURY TRIAL**

57. Defendant admits that Plaintiff demands a jury.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

As a separate, affirmative defense, Defendant alleges that Plaintiff's Complaint, and all causes of action and allegations contained therein, or portions thereof, are barred by the applicable statute or statutes of limitations. Plaintiff's FDCPA and Rosenthal Act causes of action are subject to a one-year limitation period. (15 U.S.C. § 1692k(d); California Civil Code § 1788.30(f).) Plaintiff's invasion of privacy and negligence causes of action are subject to a two-year statute of limitations, or one year to the extent the causes of action are based on alleged statutory violations. (California Code of Civil Procedure §§ 335.1, 340.) Plaintiff filed the instant action on June 15, 2015, but Plaintiff complains about

matters which allegedly occurred in February-April 2014. (See e.g. Complaint ¶¶ 17-20.)

**SECOND AFFIRMATIVE DEFENSE**

**(Bona Fide Error)**

As a separate, affirmative defense, Defendant alleges that it has no civil liability under the FDCPA pursuant to 15 U.S.C. § 1692k(c), nor under the Rosenthal Act pursuant to California Civil Code § 1788.30(e), as any violation was unintentional and resulted despite the maintenance of procedures reasonably adapted to avoid any such violation, including but not limited to, not calling consumers excessively, stop calling a consumer if the consumer so requests, not collecting unauthorized amounts, not making false representations to consumers, not disclosing information about a debt to third parties, and not calling consumers at a time or place that is known to be inconvenient for the consumer. Defendant further alleges that it was allowed to reasonably rely upon information supplied to it by the original creditor/assignor. The original creditor/assignor provided Defendant with information regarding the debt at issue and the amount owed, as well as Plaintiff's contact information, including Plaintiff's address and telephone number(s), and Defendant had a good-faith basis to believe that the information provided was correct and that Defendant's collection efforts based on said information would be proper.

**THIRD AFFIRMATIVE DEFENSE**

**(Comparative Fault)**

As a separate, affirmative defense, Defendants allege that Plaintiff's injuries, losses, or damages alleged in the Complaint were caused, or causally contributed to, by the comparative fault, negligence, negligence per se, assumption of the risk, and/or culpable conduct of Plaintiff and/or others, and the amount of damages, if any, that may be recovered by Plaintiff from Defendant must be diminished in the proportion that Plaintiff's own conduct, and/or the conduct of others, contributed to

the cause of Plaintiff's alleged injuries, losses or damages. Plaintiff has contributed to, and assumed the risk of, his own alleged damages by, inter alia, allowing the debt at issue to become delinquent, providing his contact information to Defendant and/or the original creditor, and failing to advise Defendant and/or the original creditor of his alleged wish that the collection efforts should cease.

**FOURTH AFFIRMATIVE DEFENSE**

**(No Jurisdiction)**

As a separate, affirmative defense, Defendant alleges that this Court lacks jurisdiction to adjudicate this matter, because in the underlying Purchase Agreement, Plaintiff agreed as follows: "In the case of controversy over the interpretation, fulfillment or performance of the obligations and rights specified on this Agreement, the parties submit themselves to the jurisdiction of the Consumer Protection Agency under the terms of the Federal Consumer Protection Law and other competent courts of Mexico City."

**FIFTH AFFIRMATIVE DEFENSE**

**(Preemption)**

As a separate, affirmative defense, Defendants allege that the FDCPA preempts Plaintiff's state law claims for invasion of privacy and negligence, as said claims relate to Defendant's alleged debt collection efforts.

**SIXTH AFFIRMATIVE DEFENSE**

**(Consent)**

As a separate, affirmative defense, Defendants allege that Plaintiff consented to the communications and/or disclosures complained of, the existence of which Defendant denies, because Plaintiff provided his contact information to Defendant and/or the original creditor, and by incurring the debt at issue, Plaintiff impliedly consented for the original creditor and Defendant to take reasonable steps to pursue payment.

/ / /

**SEVENTH AFFIRMATIVE DEFENSE**

**(Competing Interest)**

As a separate, affirmative defense, Defendant alleges that if it is assumed, arguendo, that an invasion of privacy occurred, which presupposition Defendant denies, such invasion of privacy was justified due to the legitimate, competing, and countervailing interest of Defendant to pursue payment of the debt at issue.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

As a separate, affirmative defense, Defendant alleges that it did not engage in any conduct that was intentional, knowing, willful, reckless, malicious, wanton or outrageous. Plaintiff alleges that Defendant's engaged in such conduct, and seeks punitive damages. Upon information and belief, Plaintiff contends that he implied in a telephone conversation that he did not wish to be contacted regarding the debt at issue, and that Defendant should have realized this. Defendant denies Plaintiff's contentions, and acted in good faith with respect to its communications with Plaintiff at all times.

**NINTH AFFIRMATIVE DEFENSE**

**(Offset)**

As a separate, affirmative defense, Defendant alleges that any recovery by Plaintiff be offset by the amount owed by Plaintiff to Defendant. Such amount has been set forth in letters sent to Plaintiff at various times.

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

As a separate, affirmative defense, Defendant alleges, to the extent that Plaintiff claims to have suffered damages, which is disputed by Defendant, Plaintiff has failed to mitigate any such claimed damages. Plaintiff could have mitigated and/or avoided his alleged damages by, inter alia, not allowing the debt at issue to become delinquent. Plaintiff also could have informed Defendant that

he did not wish to be contacted, pursued this claim in the agreed-upon jurisdiction, sought treatment for any alleged emotional distress in the event Plaintiff has not done so, and/or worked with Defendant to reach an informal and mutually agreeable resolution prior to filing a lawsuit.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice, for its attorneys' fees and costs incurred herein, and for such further relief as the Court deems just and equitable.

DATED: October 21, 2015 CARLSON & MESSER LLP

By: s/Martin Schannong
Jeffery J. Carlson
Martin Schannong
Attorneys for Defendant
RESORT RECOVERY SOLUTIONS, LLC, erroneously sued as RESORT RECOVERY SOLUTIONS, INC.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial.

DATED: October 21, 2015 CARLSON & MESSER LLP

By: s/Martin Schannong
Jeffery J. Carlson
Martin Schannong
Attorneys for Defendant
RESORT RECOVERY SOLUTIONS, LLC, erroneously sued as RESORT RECOVERY SOLUTIONS, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of October 2015, a copy of the foregoing ANSWER was filed with the Court using the ECF system which will send notification of such filing to the following e-mail address(es):

andreverdun@gmail.com
willjarrell@crowleylawgroup.com
lsosnicki@dykema.com

DATED: October 21, 2015

CARLSON & MESSER LLP

By: s/Martin Schannong
Jeffery J. Carlson
Martin Schannong
Attorneys for Defendant
RESORT RECOVERY SOLUTIONS, LLC, erroneously sued as RESORT RECOVERY SOLUTIONS, INC.