Andre L. Verdun (SBN 265436)
William R. Jarrell (SBN 290271)
Attorneys at Law
**CROWLEY LAW GROUP**
401 West "A" Street, Ste. 925
San Diego, CA 92101
Tel. (619) 238-5700
Fax. (866) 786-6993
AndreVerdun@CrowleyLawGroup.com
WillJarrell@CrowleyLawGroup.com

Attorneys for Plaintiff
JESSIE VERDUN

**UNITED STATES DISTRICT COURT,**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JESSIE VERDUN,** an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**RESORT RECOVERY SOLUTIONS, LLC.,** and **DOES 1 through 10**, inclusive,<br><br>Defendant. | Case #: 3:15-CV-01307-MMA-MDD<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR A JURY TRIAL** |

**<u>INTRODUCTION</u>**

1. RESORT RECOVERY SOLUTIONS, INC. (hereinafter "Defendant") made numerous communications to JESSIE VERDUN (hereinafter "Plaintiff") by phone, emails, and letters in an attempt to collect a debt; called Plaintiff multiple times on his cellphone without authorization; called Plaintiff at his place of employment multiple times, and continued to call after Plaintiff demanded that calls cease; and attempted to collect an unauthorized "agency fee" in addition to the total amount allegedly owed by Plaintiff.

2. All phone calls by Defendant to Plaintiff after Plaintiff demanded calls cease constitute violations of the Fair Debt Collections Practices Act ("FDCPA").

3. All written communications by Defendant to Plaintiff, including the first written notice by Defendant to Plaintiff, failed to provide the written notice required pursuant to Cal. Civ. Code §§ 1812.700(a)-(b).

4. All unauthorized phone calls to Plaintiff's cell phone constitute violations of the Telephone Consumer Protection Act ("TCPA").

5. Defendant's unlawful conduct caused Plaintiff severe emotional distress, including physical and emotional harm including but not limited to loss of appetite, insomnia, anxiety, and depression.

6. Defendant, headquartered in San Diego, California, is a debt collection agency which regularly attempts to collect debts in its ordinary course of business, and which engages in a pattern and practice of the unlawful conduct described above.

7. Congress has stated: "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a.

8. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices in the collection of consumer debts. Cal. Civ. Code 1788.1(a)-(b)

/ / /

## PARTIES

9. Plaintiff, JESSIE VERDUN, is, and at all times herein mentioned was, a natural person who resides in the City of Ventura, County of Ventura, State of California.

10. Defendant, RESORT RECOVERY SOLUTIONS, INC., is, and at all times herein mentioned was, on information and belief, a debt collection agency which lawfully conducts business in the State of California. Defendant is a "debt collector" as defined by both 15 U.S.C. § 1692a and Cal. Civ. Code § 1788.2(c). Defendant's conduct is regulated by the FDCPA codified under Title 15 U.S.C. 1692 *et seq*, as well as the California Rosenthal FDCPA ("RFDCPA") codified under Cal. Civ. Code § 1788 *et seq.* Defendant conducts business within the State of California.

11. "Defendant" and "Defendants" refer to all defendants, named and unnamed, as Plaintiff alleges each to be jointly and severally liable for the conduct alleged herein.

12. The true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1-10 inclusive, are unknown to Plaintiff who, therefore, sues said defendants by such fictitious names. Plaintiff will amend this complaint to show their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that Defendant is responsible in some manner for the events and happenings, and Defendant proximately caused the injuries and damages, hereinafter alleged.

## JURISDICTION

13. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692k, and 28 U.S.C. § 1367 for supplemental state claims.

14. This action arises out of the Defendant's violations of the FDCPA, 15 U.S.C. §§ 1692 *et seq.* and California Rosenthal FDCPA, Cal. Civ. Code § 1788 *et seq.* Since Defendant does business within California, there is personal jurisdiction.

**VENUE**

15. Venue is proper pursuant to 28 U.S.C. § 1391. Defendant resides in the County of San Diego. At all times relevant, the Defendant conducted business within the State of California.

**FACTUAL ALLEGATIONS**

16. Plaintiff JESSIE VERDUN is alleged to formally owe a debt to FIESTA AMERICANA VACATION CLUB ("FIESTA"). FIESTA sold the alleged debt to Defendant, RESORT RECOVERY SOLUTIONS, INC.

17. On February 19, 2014, Plaintiff received a letter from Defendant alleging that Plaintiff owed $2,859.26. On February 27, 2014, Plaintiff contacted Defendant and was informed by an agent of Defendant that the letter dated February 19, 2014 was the Defendant's first letter mailed to Plaintiff in an attempt to collect the alleged debt. The letter dated February 19, 2014 is devoid of the "Rosenthal" notice required from third-party debt collectors pursuant to Cal. Civ. Code §§ 1812.700(a)-(b).

18. On March 3, 2014, Plaintiff received a letter from Defendant alleging Plaintiff owed $2,859.26. The letter indicates the total amount of the alleged debt to be $2,117.97. In the letter, however, Defendant states it will collect a "35% agency fee" for collecting the debt, totaling an additional $741.29 of alleged charges. Thus, the alleged debt of $2,859.26 is comprised of two distinct figures: 1) the actual amount of the alleged debt ($2,117.97) and 2) the "35% agency fee" charged ($741.29) in addition to the amount of the alleged debt.

19. On March 5th, 2014, Defendant called cell phone ending in 4824. Defendant was told not to call that number again.

20. On March 17, 2014, Plaintiff received an email from Defendant in an attempt to collect the alleged amount stated in Defendant's letter dated March 3, 2014.

21. Sometime prior to March 18, 2014, Plaintiff told Defendant not to call him on any number, including his place of employment.

22. On or about March 18, 2014, Plaintiff told Defendant not to call him on any number at any time.

23. Defendant made over 30 phone calls to cell phone ending in 4824 after being told not to call. Some of those calls were made after numerous demands to were to quit calling. For each of these calls, Plaintiff is entitled to either $500 per call; or, $1,500 per call if the jury determines the calls were made intentionally.

24. On April 8, 2014, Plaintiff received an email from Defendant in an attempt to collect the alleged amount stated in Defendant's letter dated March 3, 2014. In the email, Defendant states: "Please contact us to resolve this matter in order to avoid additional penalties and charges to your account."

25. On or about October 15, 2014, Defendant called the cell phone ending in 4824 and again was hold not to call back, and was hung up on.

26. Defendant called Plaintiff at his place of employment in an attempt to collect the alleged debt. During the initial call to Plaintiff at his work, Plaintiff told Defendant he could not accept such calls at work and told Defendant to cease calling him at work. Thereafter, Defendant proceeded to call Plaintiff on at least eleven separate occasions in an attempt to collect the alleged debt.

27. Defendant called Plaintiff on numerous occasions on Plaintiff's cell phone in an attempt to collect the alleged debt. During the initial call to his cell phone, Defendant was told to cease calling. Thereafter, Defendant proceeded to call Plaintiff multiple times on his cell phone in an attempt to collect the alleged debt. To date, Defendant continues to place calls to Plaintiff's phone to attempt to collect the alleged debt.

28. Due to Defendant's unlawful conduct, Plaintiff has suffered severe emotional distress, as well as physical and emotional harm including but not limited to insomnia, loss of appetite, anxiety, and depression.

/ / /

## FIRST CAUSE OF ACTION

*(California Civil Code § 1788, et seq.)*

29. Plaintiff reaffirms and re-alleges paragraphs above herein as if specifically set forth more fully herein below.

30. Defendant is included in the class of entities whose debt collection activities are regulated under California Civil Code § 1788 *et seq*, as defined by California Civil Code § 1788.2(c).

31. Plaintiff is a "person" as defined by California Civil Code § 1788.2(g).

32. Plaintiff is a "debtor" as defined by California Civil Code § 1788.2(h).

33. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" as those terms are defined by California Civil Code § 1788.2(f).

34. Defendants acts and omissions violated California Civil Code § 1788 et seq, the Rosenthal Fair Debt Collection Practices Act, including, but not limited to the below activity:

a. Defendants violated 1788.11(d) by calling Plaintiff repeatedly and continuously;

b. Defendants violated 1788.11(e) by communicating by telephone with Plaintiff in such frequency as to be unreasonable and to constitute harassment to the Plaintiff under the circumstances;

c. Defendants violated 1788.13(e) by falsely representing that the alleged consumer debt may be increased by the addition of service fees, finance charges, or other charges when such fees or charges may not legally be added to the existing obligation;

d. Defendants violated 1788.13(f) by falsely representing that information concerning Plaintiff's alleged failure to pay a consumer debt has been or is

about to be referred to a consumer reporting agency;

e. Defendants violated 1788.14(b) by unlawfully attempting to collect from Plaintiff the whole, or any part of, the Defendant's fee or charge for services rendered, or other expense incurred by the Defendant in the unlawful collection of the alleged consumer debt;

f. Defendants violated § 1788.17 by engaging in impermissible communications with third parties; engaging in conduct the natural consequence which is to abuse or harass (including causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number); making false deceptive and misleading statements in an attempt to collect a debt; using unfair or unconscionable practices in an attempt to collect a debt including the unauthorized attempt to collect interest, a fee, a charge, or expense incidental to the alleged principal obligation; calling Plaintiff outside the hours of 8:00 a.m. and 9:00 p.m.; calling Plaintiff after being informed that the time of Plaintiff's calls were inconvenient; calling Plaintiff's place of employment after being advised that Plaintiff cannot accept calls at work.

g. Defendants violated § 1812.700 by failing to provide the proper "Rosenthal" notice required with the first written notice sent by Defendant to Plaintiff.

35. Plaintiff is entitled to statutory damages, actual damages and attorney fees and cost of suit.

36. Plaintiff suffered actual damages and emotional distress as described above.

/ / /

/ / /

**SECOND CAUSE OF ACTION**

*(Title 15 U.S.C. § 1692 et seq.)*

37. Plaintiff reaffirms and re-alleges paragraphs above herein as if specifically set forth more fully herein below.

38. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

39. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692c(d) and 15 U.S.C. § 1692a(3).

40. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

41. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA on behalf of Defendants, including, but not limited to:

a. Communicating with Plaintiff in connection with the collection of the alleged debt at an unusual time or place or a time or place known or which should be know to be inconvenient to Plaintiff (§ 1692c(a)(1));

b. Communicating with Plaintiff at Plaintiff's place of employment when Defendant knew or had reason to know that Plaintiff's employer prohibits the consumer from receiving such communication (§ 1692c(a)(3));

c. Unauthorized communication with a third-party, in connection with the collection of the alleged debt (§ 1692c(b));

d. Engaging in conduct the natural consequence of which is to harass oppress, or abuse Plaintiff (§ 1692d);

e. Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number (§1692d(5));

f. Using false, deceptive, or misleading representations or means in connection with collection of an alleged debt from Plaintiff (§ 1692e);

g. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10));

h. Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f);

i. Disclosing to a third party the existence of the debt allegedly owed by Plaintiff (§§ 1692b(2) and 1692c(b));

j. Calling Plaintiff outside the hours of 8:00 a.m. and 9:00 p.m. local time at the Plaintiff's location (§ 1692c(a)(1));

k. Calling Plaintiff at the Plaintiff consumer's place of employment knowing that the Plaintiff's employer prohibits Plaintiff from receiving such communication (§ 1692c(a)(3)).

42. It is believed that other violations of 15 U.S.C. 1692 *et seq.* have been violated and if discovered during the process of discovery Plaintiff will amend this complaint to allege the specific allegations setting forth the violations.

43. Section 1692f prohibits a debt collect from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. In addition to the general ban on unfair or unconscionable means, this section expressly prohibits "[t]he collection of any amount (including any interest, fee, charge, or express incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1). This was violated.

44. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1) including *inter alia*, legal fees incurred trying to protect his interest, adverse effects to his health, as well as any distress, aggravation, and anxiety suffered by Plaintiff, all as a result of Defendant's conduct; statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant(s), jointly and severally.

**THIRD CAUSE OF ACTION**

(Intrusion Upon Seclusion)

45. Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

46. The foregoing acts of Defendants as described herein constitute an invasion of the Plaintiff's privacy and an intrusion on her right of seclusion.

47. Plaintiff has a common law right to, and a reasonable expectation of privacy, his home and place of employment, and in regard to his private affairs.

48. Defendants' abusive and improper collection practices in the collection of Plaintiff's alleged debt constituted a substantial invasion upon Plaintiff's seclusion and privacy, and would be highly offensive to a reasonable person.

49. Defendants intended to cause emotional distress, and/or engaged in reckless disregard of the probability of causing Plaintiff's emotional distress.

50. As a proximate result of Defendant's conduct, Plaintiff has suffered damages in an amount to be determined by proof and a finder of fact at trial.

51. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

**FOURTH CAUSE OF ACTION**

(Negligence)

52. Plaintiff repeats re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

53. Defendant's outrageous, abusive and intrusive by acts as described herein constituted negligent infliction of emotional distress.

54. Plaintiff suffered (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress.

/ / /

55. Defendant's conduct as descried herein was wrongful conduct in that the Defendant's conducted their business in an abusive, oppressive, and harassing manner.

56. Defendant's actions and omissions as described herein constitute negligence in that Defendants owed Plaintiff a duty of reasonable care in the collection of the allege debt, and, in the use of the telephone in attempting to collect such debts, said duties were breached, and said breach was the proximate cause of damages suffered by Plaintiff.

57. Defendants owed a duty to refrain from outrageous and unlawful telephone calls in connection with their attempts to collect a debt.

58. Defendant's actions and omissions demonstrate a conscious disregard of the rights or safety of others, and constitute despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregards of his rights.

59. Plaintiff suffered damages due to Defendant's actions in an amount to be determined at trial.

60. Plaintiff is entitled to punitive damages for the actions and omissions of the Defendant.

## FIFTH CAUSE OF ACTION

*(Telephone Consumer Protection Act)*

61. Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

62. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. § 153(32).

63. At all times relevant to this complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

/ / /

64. The Defendant at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA U.S.C § 153(43).

65. The Defendant at all times relevant to the complaint herein engages in "interstate" communications" by the TCPA U.S.C. § 153(22).

66. At all times relevant to this complaint, the Cross-Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52), that existed as instrumentalities of interstate and intrastate commerce.

67. At all times relevant to this complaint, the Cross-Defendant has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200 (f) (1).

68. Defendants violated the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A), by using an automatic telephone dialing system to telephone a cellular phone, without Plaintiff's consent.

69. Defendants' violations were willful and knowing.

70. As a result of these violations of the TCPA, Defendants are liable to Plaintiff for statutory damages, including treble damages.

71. Defendants engaged in willful and knowing violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227(b)(1)(A).

72. Defendants used an automated dialing system and pre-recorded messages to telephone Plaintiff's cellular telephone, without his consent.

73. Defendants' acts were willful, intentional and knowing.

74. Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

75. Plaintiff is entitled to recover actual and punitive damages.

/ / /

/ / /

/ / /

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

i. Statutory damages pursuant to Cal. Civil Code § 1788.30(b) and Civil Code 1788.17.

ii. Actual damages according to proof pursuant to Cal. Civil Code § 1788 and 1788.17, as well as common law;

iii. An award of statutory damages of $500 dollars per incident for negligent violation of the TCPA and $1,500 per incident for willful violation of the TCPA;

iv. Punitive damages;

v. Attorneys' fees and costs

vi. Such other and further relief that may be just and proper.

Dated: **January 13, 2016**

s/ Andre L. Verdun
Andre L. Verdun
William R. Jarrell
Attorney for Plaintiff
JESSIE VERDUN

**DEMAND FOR JURY TRIAL**

**NOW COMES** Plaintiff, JESSIE VERDUN, by and through his attorneys, Andre L. Verdun and William R. Jarrell, hereby demands a trial by jury in the above-captioned matter.

Dated: **January 13, 2016**

s/ Andre L Verdun
Andre L Verdun
Attorney for Plaintiff
JESSIE VERDUN